**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DENISE MONARQUE, as personal
representative of the estate of Richard
Monarque, deceased,

     Plaintiff - Appellee,

v.

JUSTIN GARCIA; LEROY
MALDONADO; MONTE JONES,

     Defendants - Appellants,

and

THE CITY OF RIO RANCHO; RIO
RANCHO POLICE DEPARTMENT;
ROBERT BOONE,

     Defendants.

No. 12-2016
(D.C. No. 11-CV-00135)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **GORSUCH**, Circuit Judges.

---

This case arises from the death of Richard Monarque during the Rio

Rancho Police Department's response to 911 calls reporting his behavior.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Plaintiff-Appellee Denise Monarque, acting as the personal representative of her deceased brother, filed a civil rights action against Defendants-Appellants Sergeant Monte Jones and Officers Justin Garcia and Leroy Maldonado under 42 U.S.C. § 1983, alleging, among other things, excessive force in violation of the Fourth Amendment. Defendants appeal from the district court's order denying their motion for summary judgment based on qualified immunity. Monarque v. City of Rio Rancho, No. 11-cv-00135-MV-KBM (D.N.M. Jan. 23, 2012) (Aplt. App. 112–36). Plaintiff has filed a motion to dismiss the appeal for lack of appellate jurisdiction. Because we have no jurisdiction over the denial of qualified immunity based upon questions of evidentiary sufficiency, the motion should be granted. See 28 U.S.C. § 1291; Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

## Background

On January 15, 2009, two 911 callers reported Mr. Monarque's odd behavior. The first caller reported a male subject running around the street, "unknown what [was] wrong with him." Aplt. App. 30, 77, 113. The second caller reported a man who seemed to be on "drugs or [suffering] a medical emergency," "banging on [apartments] yelling for help" and "running in circles." Id. at 30, 77–78, 113. Rio Rancho Police Officers Garcia and Maldonado arrived on the scene first and observed Mr. Monarque sweating profusely and

hallucinating that dogs were attacking him. Id. at 113. Sergeant Jones arrived shortly thereafter. Id. at 114.

During this time the officers endeavored to gain control over the situation. They first attempted to direct Mr. Monarque towards the sidewalk, but he struggled and continued to hallucinate, yelling such things as "[g]et them off, get them off, they're biting me, help get them off." Id. at 83, 114. Eventually, the officers subdued Mr. Monarque, getting him to the ground and handcuffing him. Id. at 83, 94, 114. They placed him on the curb, and he began to calm down. Id. at 83, 114.

The officers then attempted to place Mr. Monarque in the back of a police car. Id. at 83, 114. Mr. Monarque again resisted, and the officers forced him on his stomach on the ground. Id. at 90, 92, 95, 114. At this point, Sergeant Jones called for an ambulance. Id. at 92, 114. The officers held Mr. Monarque down in some fashion, but the exact manner in which they did so is disputed. In the account most favorable to Ms. Monarque's case, a local resident indicated that once Mr. Monarque was "placed face down on his belly, . . . two police got on top of him [and] were waiting for something." Id. at 95, 115. Officer Garcia restrained Mr. Monarque's legs and Officer Maldonado restrained his upper body. Id. at 83, 92, 114–15. Mr. Monarque passed out two to three minutes later, before the ambulance arrived. Id. at 78, 83, 85, 115. Officers Garcia and Maldonado initiated CPR, but Mr. Monarque was pronounced dead at the hospital. Id. at

83–84, 115.  The autopsy report indicated that his death was a result of "[p]ositional asphyxia during physical restraining."  Id. at 88, 115.

In her state court complaint, Ms. Monarque named as Defendants Sergeant Jones, Officers Garcia and Maldonado, the Rio Rancho Police Department ("RRPD"), the RRPD Chief, and the City.  Id. at 7.  She asserted claims of excessive force pursuant to 42 U.S.C. § 1983, as well as various other federal and state law claims.  Id. at 17–25.  The case was removed to federal court, and Defendants sought summary judgment based on qualified immunity and dismissal of all remaining claims.  Id. at 28.  The district court granted the motion in part and denied it in part.  Id. at 112.  In particular, it denied qualified immunity, concluding that there were issues of fact for the jury as to whether some defendants used excessive force or improper restraint resulting in Mr. Monarque's death.  Id. at 123.

Discussion

Our review of district court decisions denying public officials the defense of qualified immunity is limited.  See 28 U.S.C. § 1291; Mitchell, 472 U.S. at 528, 530.  The denial "can be appealed prior to a final judgment only to the extent that the appeal is based on an issue of law."  Dixon v. Kirkpatrick, 553 F.3d 1294, 1301 (10th Cir. 2009).  Where the order is based upon the district court's finding that a genuine issue of disputed material fact exists (evidentiary sufficiency), we

have no jurisdiction over the appeal.  Johnson v. Jones, 515 U.S. 304, 319–20 (1995); Fogarty v. Gallegos, 523 F.3d 1147, 1153–54 (10th Cir. 2008).

The district court's summary judgment order is based on just such a factual dispute.  The court considered evidence that the officers were "on top" of Mr. Monarque for two to three minutes, that they knew Mr. Monarque was in a state of delirium, and that the autopsy report indicated that the cause of death was positional asphyxiation.  Aplt. App. 122–23.  The court concluded, "[t]aking the factual record in the light most favorable to Plaintiff, as it must, . . . Plaintiff puts forth evidence that gives rise to a jury question regarding whether the officers' actions were reasonable."  Id. at 122.  The court also noted that "Defendants by their own admission concede that a genuine dispute of material fact exists as to whether the officers' actions were objectively reasonable."  Id.  We have no jurisdiction to review this determination.  See, e.g., Clanton v. Cooper, 129 F.3d 1147, 1154 (10th Cir. 1997) ("[T]he district court found there was a genuine dispute over material facts and that is the kind of ruling that we lack jurisdiction to review in an interlocutory appeal.").

Defendants nevertheless argue that this court has jurisdiction to determine whether the district court's application of an objective reasonableness standard was appropriate.[1]  Aplt. Br. 9–13.  In particular, they argue that the court should

---

[1]  It was only for this reason that Ms. Monarque's motion before the district court to certify the interlocutory appeal as frivolous was denied.  Aplee. Supp. App. 111–14.

- 5 -

have considered the community caretaking function of the officers when determining reasonableness. Id. (citing Gallegos v. City of Colo. Springs, 114 F.3d 1024, 1029 (10th Cir. 1997). But the same factual dispute would be material to resolution of qualified immunity on that basis as well. The district court did not find that the police officers' actions were unreasonable; it found only that a reasonable jury could find them so. Defendants would have to concede the facts as presented by Ms. Monarque before this court could review the question. They do not, despite argument to the contrary. In fact, Defendants concede that Weigel v. Broad "establishes that officers cannot kneel or sit on a subject's 'upper back as he l[ies] on his stomach [because it] create[s] a significant risk of asphyxiation and death.'" Aplt. Br. 14 (quoting 544 F.3d 1143, 1152 (10th Cir. 2008)). They then distinguish the facts in this case. Id. at 14–15. That is exactly the point.

Although disputed, the evidence in the light most favorable to Ms. Monarque is that one or more of the officers were 'on top' of Mr. Monarque, for two to three minutes, applying some type of pressure to his body. Aplt. App. 122–23; Aplt. Br. 8 (citing Aplt. App. 95). Under these facts—even considering the community caretaker function of the officers—a reasonable jury could find the officers' actions unconstitutional. Because the district court's order is based on this factual dispute, we have no jurisdiction over the appeal.

APPEAL DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge